

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

February 21, 2023

**VIA ECF**

Catherine O'Hagan Wolfe, Esq.
Clerk of Court, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  **Re:** *Bartlett v. Société Générale de Banque au Liban*, **Docket No. 21-2019**

Dear Ms. O'Hagan Wolfe:

  We are writing on behalf of Plaintiffs-Appellees in the above-referenced matter pursuant to Fed. R. App. P. 28(j).

  We learned recently from parties in another matter that Movant-Appellant Dr. Muhammad Baasiri is a dual citizen of the United States and Lebanon. We promptly raised this issue with counsel for Appellants, who confirmed this information earlier today. Appellants did not disclose Dr. Baasiri's U.S. citizenship to the district court in their motion to substitute him for Defendant-Appellant Jammal Trust Bank ("JTB") as its foreign liquidator and/or dismiss claims against JTB premised on his ostensible immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA"). Appellants also have not disclosed this fact to this Court.

  Given that Dr. Baasiri's U.S. citizenship was not previously disclosed, the parties have not briefed the question of whether that fact is significant to this Court's FSIA analysis. However, because the Seventh Circuit has held that where a foreign receiver is a citizen of the United States, he or she is "placed outside the protection of the [FSIA] by the Act's express terms," *Matter of Rimsat, Ltd.*, 98 F.3d 956, 962–63 (7th Cir. 1996), we believed we should notify the Court of this potentially relevant disclosure.

              Respectfully submitted,

              /s/ Michael Radine

cc:  All Counsel (via ECF)