# BakerHostetler

February 23, 2023

Baker & Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark W. DeLaquil
direct dial: 202.861.1527
mdelaquil@bakerlaw.com

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   Rule 28(j) Response in Case No. 21-2019

Dear Ms. O'Hagan Wolfe:

Movant-Appellant Dr. Muhammad Baasiri is a citizen of Lebanon and, since 1983, also a citizen of the United States. But his citizenship is irrelevant to this appeal.

Contrary to Plaintiffs-Appellees' insinuation, Dr. Baasiri's citizenship is not a tightly-guarded secret and was not broached earlier only because Plaintiffs-Appellees declined to put it at issue. Their decision to raise this issue for the first time in a Rule 28(j) letter is reason enough to disregard it. *See United States v. Brown*, 797 F. App'x. 52, 56 n.1 (2d Cir. 2019) (stating that parties are "strictly forbidden from making additional arguments" in 28(j) letters) (citation omitted).

That decision is also meritless in light of governing precent and Plaintiffs-Appellees' prior litigation position. The governing authority is the Supreme Court's decision in *Samantar v. Yousuf*, 560 U.S. 305 (2010). It recognizes that, even though only juridical entities generally qualify as "agenc[ies] or instrumentalit[ies] of a foreign state," *id.* at 313-19, the general rule does not apply where, as here, "the state is the real party in interest," *id.* at 325. Movant-

Catherine O'Hagan Wolfe, Clerk of Court
February 23, 2023
Page 2

Appellants specifically cited *Samantar* and the real-party-in-interest exception in their brief. Baasiri Br. at 14. Plaintiffs-Appellees sensibly declined to contest the point, even conceding that "whether Dr. Baasiri is the real party in interest…is irrelevant because it does not change the jurisdictional analysis under *Dole Food*." Plaintiffs-Appellees Br. 56.

*Samantar* postdates Plaintiffs-Appellees' sole cited authority, *Matter of Rimsat, Ltd.*, 98 F.3d 956 (7th Cir. 1996), and *Rimsat* is, in any event, infirm. In holding that a receiver appointed was not an organ of Nevis because the receiver was a "citizen of the United States," *id.* at 963, the Seventh Circuit's cursory reasoning confused the applicable statutory term in FSIA Section 1603(b)(3)—"citizen of a State of the United States as defined in section 1332(c) and (e)"—with general U.S. citizenship. But the term "citizen of a State of the United States" is a reference to corporate citizenship, as decided in *Samantar*, 560 U.S. at 325, with its accompanying real-party-in-interest exception. Dr. Baasiri is a liquidator, not a corporation.

Plaintiffs-Appellees' untimely argument is meritless.

Sincerely,

*/s/ Mark W. DeLaquil*
Mark W. DeLaquil

## **CERTIFICATE OF COMPLIANCE**

I certify that the body of the foregoing letter contains 348 words and is thus in compliance with the 350-word count limit in Fed. R. App. P. 28(j).

Dated: February 23, 2023  /s/ *Mark W. DeLaquil*
MARK W. DELAQUIL

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: February 23, 2023  /s/ *Mark W. DeLaquil*
MARK W. DELAQUIL